IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

FABIOLA ROMERO
2425 FARLIN AVENUE, APT. 5
GREEN BAY, WI 54302,

LORENA GARCIA SOLORIO
1331 BELLEVUE STREET, #183
GREEN BAY, WI 54302,

ROSA MORAN FIGUEROA
553 LARSCHEID STREET
GREEN BAY, WI 54302,

MARITZA HERNANDEZ
2108 GADWALL LANE
GREEN BAY, WI 54311

    Plaintiffs,

vs.

JBS PACKERLAND, INC.
C/O CORPORATION SERVICE COMPANY
8040 EXCELSIOR DRIVE, SUITE 400
MADISON, WI 53717

    Defendant.

Case No. 1:17-cv-729

## COMPLAINT

NOW COME Plaintiffs Fabiola Romero, Lorena Solorio, Rosa Moran, and Maritza Hernandez by their attorneys, Arellano & Phebus, S.C., by Attorney Victor M. Arellano and Attorney Douglas J. Phebus, and as for their complaint against Defendant allege and show the court as follows:

## I.
## NATURE OF THE CLAIM

1. Plaintiffs in the instant action allege claims pursuant to 42 USC § 2000 et. seq. Specifically, Plaintiffs allege that Defendant violated Title VII of the Civil Rights Act of 1964 (as amended in 1991) by discriminating against them because of their gender (sex) and retaliating against Plaintiffs because of their opposition to discrimination in the workplace. Plaintiff Maritza Hernandez brings this action pursuant to 42 USC § 1981.

Plaintiffs seek injunctive, compensatory, and emotional damages including attorney's fees and costs incurred in both administrative and federal court proceedings.

## II.
## JURISDICTION AND VENUE

2.      The court has jurisdiction pursuant to 28 U.S.C. 1331. Venue is proper pursuant to 28 U.S.C. § 1343, 1331, and under the 14th amendment of the U.S. constitution.

All prerequisites of 42 USC § 2000 have been met and Right to Sue Letters were issued by the Federal Equal Opportunity Commission to each Plaintiff (see attached).

## III.
## PARTIES

3.      Plaintiff Fabiola Romero is an individual, and a former employee of Defendant JBS Packerland, Inc., with an address at 2425 Farlin Avenue, Apartment 5, Green Bay, Wisconsin 54302.

4.      Plaintiff Lorena Garcia Solorio "Garcia Solorio" is an individual, and a former employee of Defendant JBS Packerland, Inc., with an address at 1331 Bellevue Street, #183, Green Bay, Wisconsin 54302.

5.      Plaintiff Rosa Moran Figueroa is an individual, and a former employee of Defendant JBS Packerland, Inc., with an address at 553 Larscheid Street, Green Bay, Wisconsin 54302.

6.      Plaintiff Maritza Hernandez is an individual, and a former employee of Defendant JBS Packerland, Inc., with an address at 2108 Gadwall Lane, Green Bay, Wisconsin 54311.

7.      Defendant JBS Packerland is an employer within the meaning of 42 USC § 2000 with an address at 1330 Lime Kiln Road, Green Bay, Wisconsin 54311.

8.      JBS Packerland, Inc. operates a meat processing plant in Green Bay. The four Complainants were assigned to trim the fat from meat at a table located on a moving production line.

9.      Its registered agent is Corporation Service Company with an address at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

## IV.
## FACTUAL ALLEGATIONS

10. Defendant JBS Packerland, Inc. is an employer within the meaning of 42 USC § 2000, operating a meat packing facility in Green Bay, Wisconsin.

11. Plaintiff Fabiola Romero is an individual and a former employee of Defendant within the meaning of 42 USC § 2000. Plaintiff worked for the Defendant in its Green Bay Fabrication Department from June 11, 2013 to July 2, 2014. Plaintiff Fabiola Romero worked on Table 4 Flat Meat in the Fabrication Department. Her job duties included trimming fat from the meat she received at her table. Plaintiff Fabiola Romero typically worked from 6:00 a.m. to 3:00 p.m. five days a week

11. Plaintiff Lorena Garcia Solorio is an individual and a former employee of Defendant within the meaning of 42 USC § 2000. Plaintiff worked for Defendant in its Green Bay Fabrication Department from March 19, 2012 to July 2, 2014. Plaintiff Lorena Garcia Solorio worked on Table 4 Flat Meat in the Fabrication Department. Her job duties included trimming fat from the meat she received at her table. Plaintiff Lorena Garcia Solorio was typically scheduled to work from 6:00 a.m. to 3:00 p.m. five days a week.

12. Plaintiff Rosa Moran Figueroa is an individual and a former employee of Defendant within the meaning of 42 USC § 2000. Plaintiff worked for Defendant in its Green Bay Fabrication Department from July 3, 2013 to July 2, 2014. Plaintiff Rosa Moran Figueroa worked on Table 4 Flat Meat in the Fabrication Department. Her job duties included trimming fat from the meat she received at her table. Plaintiff Rosa Moran Figueroa was typically scheduled to work from 6:00 a.m. to 3:00 p.m. five days a week.

13. Plaintiff Maritza Hernandez is an individual and a former employee of Defendant within the meaning of 42 USC § 2000. Plaintiff worked for Defendant in its Green Bay Fabrication Department from July 21, 2003 to July 2, 2014. Plaintiff Maritza Hernandez worked on Table 4 Flat Meat in the Fabrication Department. Her job duties included trimming fat from the meat she received at her worktable. Plaintiff Maritza Hernandez was typically scheduled to work from 6:00 a.m. to 3:00 p.m. five days a week.

14. On June 25, 2014 they began their shift at 6:00 a.m. with six employees working at their table. Around 10:30 a.m., Ricardo Laredo, Plaintiffs' supervisor, removed one employee from the table to perform another task. Shortly thereafter, Plaintiff Maritza Hernandez complained to Mr. Laredo that another employee was needed to safely perform the work at the required speed and the other three Plaintiffs expressed their agreement with her. Mr. Laredo told the four Plaintiffs and the fifth employee to leave their work station and continue the conversation in a nearby fabrication office and they did so.

15. Plaintiffs told Mr. Laredo they intended to speak with higher ranking managers about their concerns and to reverse Mr. Laredo's decision to terminate them and went to the Human Resources Office. Mr. Laredo then assigned other employees to perform Plaintiffs' work. All four Plaintiffs are of Hispanic ethnicity.

16. Kathleen Mahn, the Human Resources Manager, told them they were suspended pending a final decision regarding whether they should be terminated because "they refused to work." All four employees were asked to turn in their badges before leaving. One week later all Plaintiffs were told Mr. Laredo's decision to fire them would stand. Plaintiffs allege that Defendant's adverse action constitutes discrimination on the basis of gender, race, and retaliation for having engaged in protective conduct against their supervisor who had a history of harassment towards Plaintiffs. The discriminatory conduct includes but is not limited to the following:

a). In the Spring of 2014 a group of 21 chuck boners who wore black helmets and worked at Table 2 walked off the job to protest inadequate staffing levels. The entire production line was shut down for 30-45 minutes while they spoke with management about their concerns. They returned to work and were not terminated or otherwise disciplined. On another occasion a group of five male gutters also walked off the line to protest lack of staffing and were not terminated. Male employees also left the line to protest inadequate staffing and would go to the bathroom for 20-30 minutes in excess of the prescribed time.

b). Mr. Laredo frequently made sexually lewd comments to Plaintiffs. He once told Maritza Hernandez she had a hickey on her neck and asked her, "How was last night?" He would stare at Maritza Hernandez and the other Plaintiffs' breasts and buttocks. He told Maritza Hernandez, "why don't you take off your jacket and show me your breasts. You are beautiful." He also whistled at Plaintiffs. Mr. Laredo also stared at Lorena Garcia Solorio's breasts and buttocks and told her to take off her coat so he could see her better.

c). The working environment was hostile in nature under Mr. Laredo's supervision as he would openly be looking up and down at Plaintiffs at their private areas. He would also whistle at Plaintiff Rosa Moran Figueroa as well as the other Plaintiffs. All of Mr. Laredo's advances towards Plaintiffs were demeaning, highly offensive, and unwelcome

17. Plaintiffs allege collectively and on their own behalf that at the time of the adverse action taken by Defendant against each Plaintiff, each Plaintiff was a member of a protected class. Their good job performance met the legitimate expectations of Defendant's company. Each Plaintiff suffered an adverse employment action (termination) and other similarly situated male employees were treated more favorably than Plaintiffs with respect to similar and/or worse violations of company rules.

18. Plaintiffs also allege that Defendant's company has discriminated against them on the basis of their race with respect to terms and conditions of employment. Upon information and belief other similarly situated white employees were treated more favorably than Plaintiffs with respect to similar violation of company rules.

4

19. Plaintiffs allege in their collective action and on behalf of their own right that Defendant's actions as described in the aforementioned Plaintiffs violate 42 USC § 2000 42 USC 1981 accordingly.

WHEREFORE, Plaintiffs demand the following:

a. Immediate reinstatement and back pay;

b. Compensatory damages for the emotional injury, distress, and physical pain and suffering;

c. An injunction against Defendant ordering that it ceases and desists the discriminatory practices toward Plaintiffs;

d. Punitive damages;

e. Reasonable attorney's fees and costs incurred in both the administrative action before the State of Wisconsin Equal Rights Division as well as the instant Federal Court; and

f. Any other relief the court may deem just and proper.

**PLAINTIFFS DEMAND A JURY TRIAL.**

Dated this 23rd day of May, 2017.

        ARELLANO & PHEBUS, S.C.
        Attorneys for Plaintiffs

        s/ Victor M. Arellano
        Victor M. Arellano
        State Bar No.1011684
        varellano@aplawoffice.com
        Douglas J. Phebus
        State Bar No. 1029524
        dphebus@aplawoffice.com
        1468 N. High Point Road, Suite 102
        Middleton, WI 53562
        Telephone: (608) 827-7680