UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FABIOLA ROMERO,
LORENA GARCIA SOLORIO,
ROSA MORAN FIGUEROA, and
MARITZA HERNANDEZ,

    Plaintiffs,

 v.               Case No. 17-C-729

JBS PACKERLAND INC.,

    Defendant.

## DECISION AND ORDER

  The plaintiffs, Fabiola Romero, Lorena Garcia Solorio, Rosa Moran Figueroa, and Maritza Hernandez, filed this action against defendant JBS Packerland Inc. after they were terminated from their employment. The plaintiffs allege that their termination was motivated by race and sex, and assert claims for intentional discrimination, harassment, and retaliation under 42 U.S.C. § 2000 *et seq*. as well as intentional discrimination under 42 U.S.C. § 1981. The case is presently before the court on JBS's motion to dismiss. JBS contends that the plaintiffs have failed to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(1) and (6) and moves to dismiss all four claims. For the reasons stated herein, the motion to dismiss will be granted in part and denied in part.

## BACKGROUND

  JBS operates a meat packing facility in Green Bay, Wisconsin. Compl. ¶ 10, ECF No. 1. The plaintiffs were employed as meat trimmers and scheduled to work in the Fabrication Department at

Table 4 Flat Meat from 6:00 a.m. to 3:00 p.m. five days a week. *Id.* ¶¶ 11–13. All four plaintiffs are of Hispanic ethnicity. *Id.* ¶ 15.

On June 25, 2014, the plaintiffs and two other employees began their shift working at Table 4. *Id.* ¶ 14. At approximately 10:30 a.m., Ricardo Laredo, the plaintiffs' supervisor, removed one employee from the table to perform a different task. Shortly thereafter, Hernandez told Laredo that they needed six employees at their table to safely perform their work at the required speed. Romero, Garcia Solorio, and Figueroa agreed with Hernandez's complaint. Laredo instructed the plaintiffs as well as the remaining employee at Table 4 to leave their workstation and continue the conversation in a nearby fabrication office. *Id.* Although the complaint does not explicitly indicate that Laredo terminated their employment during this meeting, the plaintiffs allege that they informed "Laredo that they intended to speak with higher-ranking managers about their concerns and to reverse Mr. Laredo's decision to terminate them." *Id.* ¶ 15.

After the meeting, the plaintiffs went to the Human Resources Office, and Laredo assigned other employees to perform the plaintiffs' work. *Id.* Kathleen Mahn, JBS's Human Resources Manager, stated that the plaintiffs were suspended pending a final decision from the company as to whether they should be terminated for refusing to work. *Id.* ¶ 16. The plaintiffs were asked to turn in their badges before leaving the premises that day. The following week, the plaintiffs were advised that Laredo's decision to fire them would stand. *Id.*

The plaintiffs assert JBS terminated them because of their gender and race. They assert that their job performance met the legitimate expectations of JBS but were treated differently than similarly situated men employed by JBS who complained about poor staffing. *Id.* ¶¶ 16–17. Specifically, the plaintiffs contend that a group of 21 chuck boners working at Table 2 who walked

2

off the job to protest inadequate staffing levels in the spring of 2014 were not terminated or otherwise disciplined for shutting the production line down for 30 to 45 minutes. *Id.* ¶ 16. On other occasions, men who walked off their lines for 20 to 30 minutes to protest inadequate staffing were not terminated or otherwise disciplined. *Id.*

The plaintiffs also allege that Laredo created a hostile work environment by frequently making sexually lewd comments to them. For instance, Laredo would stare at the plaintiffs' chests and buttocks and whistle at them. On one occasion, he told Garcia Solorio and Hernandez to take off their coats so he could see them better. The plaintiffs contend that Laredo's advances toward them were demeaning, highly offensive, and unwelcome. *Id.*

## LEGAL STANDARD

In considering a motion to dismiss, the court construes the allegations in the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

On June 14, 2017, JBS filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The plaintiffs did not respond to the motion, and on July 11, 2017, JBS filed a motion asking the court to grant its motion to dismiss pursuant to Civil L.R. 7(d). *See* Civil L.R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion. The Court may also impose sanctions under General L.R. 83(f)."). Less than three hours later, the plaintiffs moved for an extension of time to file their response brief, explaining that their failure to respond was caused by a calendaring error. ECF No. 16 at 1. Rather than grant JBS's motion to dismiss outright, the court finds that reprimand is a sufficient sanction under these circumstances.

While it is important to comply with the deadlines created by the rules or required by the court, it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities." *Forman v. Davis*, 371 U.S. 178, 181 (1962). The plaintiffs took quick action to remedy their failure by filing their response just three days after JBS filed its motion for relief under Civil L.R. 7(d). It appears the plaintiffs' calendaring oversight could have been cured by a simple telephone call as opposed to motion practice. Given

4

that the parties have substantively addressed the merits of the motion, and that JBS has not shown that it was prejudiced by the plaintiffs' short delay in responding, the court will deny JBS's motion for relief under Civil L.R. 7(d) and address the merits of the motion to dismiss. The plaintiffs are warned, however, that failure to timely comply with future deadlines will result in more severe sanctions.

**I. Title VII Claims**

The plaintiffs advance claims of discrimination, hostile work environment, and retaliation under Title VII. JBS first asserts that the court lacks jurisdiction over Hernandez's Title VII claims because she failed to file suit within 90 days of receiving her right to sue letter. Def.'s Br. at 2, ECF No. 8. In response, Hernandez notes she is not bringing claims under Title VII and is instead asserting a discrimination claim pursuant to 42 U.S.C. § 1981. Since Hernandez has not asserted such Title VII claim, no action need be taken on JBS's motion as it applies to her assertion of such a claim. JBS also contends, however, that the remaining plaintiffs have failed to state a claim under Title VII. The remaining plaintiffs did file suit within 90 days of receiving their right to sue letters. The court therefore turns to the question of whether the remaining plaintiffs—Romero, Garcia Solorio, and Figueroa—have sufficiently pled discrimination, hostile work environment, and retaliation claims.

Plaintiffs asserting employment discrimination under Title VII may allege their claims "quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819 (7th Cir. 2014). To sufficiently plead a claim for disparate treatment based on gender under Title VII, the plaintiffs must allege that they are members of a protected class,

they were subjected to an adverse employment action, and there is a link between the two. *See Martino v. W. & S. Fin. Grp.*, 715 F.3d 195, 201–02 (7th Cir. 2013).

Here, the plaintiffs allege that they suffered discrimination on the basis of their gender and that Laredo was the JBS decisionmaker that allegedly discriminated against them. Compl. ¶ 15. The plaintiffs further assert that similarly situated men were treated differently than they were for engaging in similar conduct as a challenge to JBS's staffing practices. For example, the plaintiffs allege that five male gutters walked off their line to protest being understaffed and were not terminated. On another occasion, male employees left their line to protest inadequate staffing and went to the bathroom for 20 to 30 minutes in excess of the prescribed time. *Id.* ¶ 16.

JBS asserts that the plaintiffs have failed to show that their male comparators are actually similarly situated. It contends the plaintiffs have not shown that these male employees have the same supervisor, are subject to the same standards, or are engaged in the same type of conduct. But virtually all of the cases JBS cites in support of its argument that the complaint is insufficient are decisions affirming the district courts' grant of summary judgment. That is not the standard on a Rule 12(b)(6) motion to dismiss. *See Carlson*, 758 F.3d at 827 (noting district court erred in that it "relied on summary judgment decisions that addressed not the content of complaints but the evidence needed to take a claim to a jury"). At this stage, all inferences must construed in favor of the non-moving party, and the pleadings do not reveal material differences between the plaintiffs and their comparators. In short, the plaintiffs's allegations are sufficient, and Romero, Garcia Solorio, and Figueroa's Title VII discrimination claim will be allowed to proceed.

To state an actionable claim of hostile work environment sexual harassment, the plaintiffs must allege (1) they were subject to unwelcome harassment; (2) the harassment was based on their

6

gender; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 833–34 (7th Cir. 2015) (citing *Cooper–Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004)). The complaint alleges that the plaintiffs' supervisor, Laredo, "frequently made sexually lewd comments to Plaintiffs." Compl. ¶ 16. For instance, he asked Hernandez to take off her jacket and show him her breasts because she was beautiful. *Id.*

JBS asserts that all of Hernandez's sexual harassment allegations should be struck because she only brought a § 1981 discrimination claim against JBS. Even without considering these allegations, however, Romero, Garcia Solorio, and Figueroa have sufficiently stated a hostile work environment claim against JBS. They allege that Laredo frequently stared at their breasts and buttocks and whistled at them. On one occasion, he told Garcia Solorio to take off her coat so he could see her better. *Id.* The plaintiffs assert that Laredo's unwelcome advances toward them were demeaning, highly offensive, and unwelcome and thus created a hostile working environment. Again, giving the plaintiffs the inferences to which they are entitled at this stage, the plaintiffs have sufficiently stated a hostile work environment claim. Once discovery has run its course, it may be that the plaintiffs cannot produce sufficient evidence to survive summary judgment. For example, JBS may establish that Laredo was not actually the plaintiff's supervisor or that his conduct was neither sufficiently severe nor pervasive to rise to the level of a hostile work environment. Def.'s Br. at 10–14. But it is premature to reach these fact-intensive questions today. JBS has fair notice of the plaintiffs' harassment claim and the grounds upon which that claim rests.

7

The same cannot be said for the plaintiffs' retaliation claim, however. To state a claim for retaliation under Title VII, a plaintiff must "allege that she engaged in a protected activity and was subjected to an adverse employment action as a result." *Carlson*, 758 F.3d at 828 (*quoting Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013)). A protected activity is one that identifies discrimination based on sex, race, national origin, or some other protected class. Here, the complaint does not contain any allegations that the plaintiffs engaged in statutorily protected activity. The plaintiffs do not assert that they complained to anyone about being discriminated against based on their membership in any protected class. Instead, the only complaint they made was to Laredo about inadequate staffing at their table on June 25, 2014. The plaintiffs have not sufficiently alleged that they engaged in a protected activity. Therefore, their claim based on retaliation will be dismissed.

**II. § 1981 Claim**

JBS also seeks to dismiss the plaintiffs' 42 U.S.C. § 1981 discrimination claim. "[S]ection 1981 prohibits race discrimination in the making and enforcing of contracts." *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The plaintiffs contend that Hernandez is the only plaintiff bringing this claim, but they collectively assert that JBS discriminated against them on the basis of their race in violation of § 1981. Compl. ¶ 18. The court finds that the plaintiffs have not sufficiently pled a § 1981 claim. Although they allege that they suffer discrimination based on their race, they have not alleged specific instances where similarly situated white employees were treated more favorably than they were. The complaint avers, "Upon information and belief other similarly situated white employees were treated more favorably than Plaintiffs with respect to similar violation (sic) of company rules." *Id.* A complaint must include some information about the circumstances

8

giving rise to the claims, and the plaintiffs have failed to identify any instances in which decisionmakers allegedly treated them differently than their white peers. In short, this claim is dismissed.

**CONCLUSION**

It is therefore ordered that the plaintiffs' motion for an extension of time (ECF No. 16) is **GRANTED** and JBS's motion for relief under Civil L.R. 7(d) (ECF No. 14) is **DENIED**. Based on the foregoing reasons, JBS's motion to dismiss the complaint is **DENIED** as to the plaintiff's Title VII discrimination and harassment claims. However, the motion to dismiss Hernandez's Title VII claim and the plaintiffs' retaliation and § 1981 discrimination claims is **GRANTED**. Hernandez is dismissed as a party from the action. JBS shall file an answer within 21 days. The Clerk may set the matter on the court's calendar for scheduling at this time.

**SO ORDERED** this  1st  day of August, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
